**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARC MENZIONE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-05127-JPO |
| Plaintiff, | |
| v. | |
| YEXT, INC., HOWARD LERMAN, and STEVEN CAKEBREAD, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOE BEEDE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Joe Beede ("Beede") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Beede as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Beede's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired Yext, Inc. ("Yext" or the "Company") securities between March 4, 2021 and March 8, 2022, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Beede believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Beede satisfies the relevant requirements of Rule 23 as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Beede respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Beede's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Yext organizes a business's facts to provide online answers to consumer questions. The Company operates the cloud-based Yext platform that allows its customers to provide answers to consumer questions, control facts about their businesses and the content of their landing pages, and manage their consumer reviews. Yext's website describes its service as "a modern, AI-powered Answers Platform that understands natural language so that when people ask questions about a business online they get direct answers—not links."

As COVID-19 resurged in 2021, Yext consistently assured investors that pandemic-related impacts on the Company's business were limited as the Company adapted to lockdowns and improved efficiencies in its sales and other operations.

However, the complaint filed in this action alleges that throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (i) Yext's revenue and earnings were significantly deteriorating because of poor sales execution and performance, as well as COVID-19 related disruptions; (ii) accordingly, Yext was unlikely to meet consensus estimates for its full year ("FY") fiscal 2022 financial results and fiscal 2023 outlook; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

On March 8, 2022, Yext issued a press release announcing its fourth quarter ("Q4") and FY fiscal 2022 results. Yext reported Q4 fiscal 2022 revenue of $100.9 million, falling short of consensus estimates by $140,000; first quarter ("Q1") fiscal 2023 revenue outlook of $96.3 million to $97.3 million, versus consensus estimates of $103.79 million; Q1 fiscal 2023 non-GAAP net loss per share outlook of $0.08 to $0.07, versus consensus estimates of $0.05; FY fiscal 2023 revenue outlook of $403.3 million to $407.3 million, versus consensus estimates of $444.71 million; and FY fiscal 2023 non-GAAP net loss per share outlook of $0.19 to $0.17, versus consensus estimates of $0.09. The Company further disclosed the departure of its CEO and CFO.

That same day, on a conference call to discuss Yext's Q4 and FY fiscal 2022 results, the Company's incoming CEO, Michael Walrath ("Walrath"), addressed the Company's disappointing financial results, revealing that "we have seen fragmentation in our interactions with customers and our ability to deliver premium service and support" and that, "[i]n hindsight, it is clear we were too focused on building sales capacity and not focused enough on other functions that drive productivity, particularly sales enablement, training, client success and services." Walrath also disclosed that "we saw a really significant disruption in our business" such as "in Q4, 50% -- over 50% of our in-person events were canceled because of the Omicron surges[,]" while opining that Yext could "[a]bsolutely" improve its "sales motion so that it's more efficient during disruptions like that[.]"

Following the call, a Truist Securities ("Truist") analyst lowered the firm's rating on Yext to hold from buy and slashed its price target to $6 from $17, noting, among other things, that key performing indicators showed an "unexpected slowdown" in Q4, guidance for fiscal 2023 shows no near-term turn around, and that "planned changes under new management (in go-tomarket

strategy, sales organization) carry execution risks and the timing for a meaningful and sustainable revival in growth is unclear[.]"

In response to these disclosures, Yext's stock price fell $0.55 per share, or 9.29%, to close at $5.37 per share on March 9, 2022.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Beede Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Beede satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Beede has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Beede is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Beede respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Beede Filed a Timely Motion

Beede has made a timely motion in response to a PSLRA notice. On June 17, 2022, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Joe Beede's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Beede had sixty days (*i.e.*, until August 16, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Yext securities during the Class Period, Beede is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Beede attests that it has reviewed the complaint and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Beede satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Beede Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Beede believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Beede suffered substantial financial losses of approximately $ 2,990.99. *See* Linkh Decl., Ex. C. To the best of his knowledge, Beede is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Beede believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Beede Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only

provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)      Beede's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Beede's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Beede alleges that Defendants' material misstatements and omissions concerning Yext' business, operations, and financial prospects violated the federal securities laws. Beede, like all members of the class, purchased Yext securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Beede's interests and claims are "typical" of the interests and claims of the class.

### b)      Beede Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Beede has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses

ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C.

Beede is also not aware of any conflict between his claims and those asserted on behalf of the

class. As such, Beede is well-equipped to represent the class.

> **B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only

to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at

274. Here, Beede has retained Glancy Prongay & Murray LLP as lead counsel to pursue this

litigation on his behalf and will retain the firm as the class's lead counsel in the event he is

appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in

securities class actions and has successfully prosecuted numerous securities fraud class actions

on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh

Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class

will receive the highest caliber of legal representation.

**IV.      CONCLUSION**

For the foregoing reasons, Joe Beede respectfully requests that the Court grant his Motion

and enter an Order (1) appointing Beede as Lead Plaintiff; (2) approving his selection of Glancy

Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the

Court may deem just and proper.

Respectfully submitted,

DATED: August 16, 2022                  **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Joe Beede and Proposed Lead
Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On August 16, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 16, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh