UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC MENZIONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>YEXT, INC., HOWARD LERMAN, and STEVEN CAKEBREAD,<br><br>Defendants. | Case No.  1:22-cv-05127-JPO |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARC MENZIONE
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

I.    MENZIONE SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 4

        A.    Menzione Is Willing to Serve as Class Representative .......................................... 5

        B.    Menzione Has the "Largest Financial Interest" in the Action ............................... 5

        C.    Menzione Otherwise Satisfies the Requirements of Rule 23 ................................. 7

        D.    Menzione Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ............................................................................. 9

II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......... 10

CONCLUSION ........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
   2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .............................................................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ................................................................................................8

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
   2018 WL 3093965 (S.D.N.Y. June 21, 2018) .........................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
   2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ..........................................................................8

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ....................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .............................................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ....................................................................................................8

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ..............................................................................................10

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................6

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
   2008 WL 2811358 (S.D.N.Y. July 7, 2008) ............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................7

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................................8

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................................10

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..........................................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
    2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .....................................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..........................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................................10

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ..................................................1, 5, 9

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Marc Menzione ("Menzione") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Menzione as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Yext, Inc. ("Yext" or the "Company") securities between March 4, 2021 and March 8, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Yext investors, including Menzione, incurred significant losses following the disclosure of the alleged fraud, which caused Yext's share price to fall sharply, damaging Menzione and other Yext investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Menzione purchased 143 shares of Yext securities, expended $1,929 on his purchases, retained all of his shares of Yext securities, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $1,083 in connection with his purchases of Yext securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Menzione believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, Menzione also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Menzione has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Menzione respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Yext organizes a business's facts to provide answers to consumer questions online. The Company operates Yext platform, a cloud-based platform that allows its customers to, among other things, provide answers to consumer questions, control facts about their businesses and the content of their landing pages, and manage their consumer reviews. Yext's website describes its service as "a modern, AI-powered Answers Platform that understands natural language so that when people ask questions about a business online they get direct answers—not links."

As COVID-19 resurged throughout 2021, Yext consistently assured investors that pandemic-related impacts on the Company's business were limited as the Company adapted to lockdowns and improved efficiencies in its sales and other operations.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Yext's revenue and earnings were significantly deteriorating because of, *inter alia*, poor sales execution and performance, as well as COVID-19 related disruptions; (ii) accordingly, Yext was unlikely to meet consensus estimates for its full year ("FY") fiscal 2022 financial results and fiscal 2023 outlook; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On March 8, 2022, Yext issued a press release announcing its fourth quarter ("Q4") and FY fiscal 2022 results. Among other items, Yext reported Q4 fiscal 2022 revenue of $100.9 million, falling short of consensus estimates by $140,000; first quarter ("Q1") fiscal 2023 revenue outlook of $96.3 million to $97.3 million, versus consensus estimates of $103.79 million; Q1 fiscal 2023 non-GAAP net loss per share outlook of $0.08 to $0.07, versus consensus estimates of $0.05; FY fiscal 2023 revenue outlook of $403.3 million to $407.3 million, versus consensus estimates of $444.71 million; and FY fiscal 2023 non-GAAP net loss per share outlook of $0.19 to $0.17, versus consensus estimates of $0.09. The Company further disclosed the departure of its Chief Executive Officer ("CEO") and Chief Financial Officer.

That same day, on a conference call to discuss Yext's Q4 and FY fiscal 2022 results, the Company's incoming CEO, Michael Walrath ("Walrath"), addressed the Company's disappointing financial results, revealing, *inter ali*a, that "we have seen fragmentation in our interactions with customers and our ability to deliver premium service and support" and that, "[i]n hindsight, it is clear we were too focused on building sales capacity and not focused enough on other functions that drive productivity, particularly sales enablement, training, client success and services." Walrath also disclosed that "we saw a really significant disruption in our business" such

as "in Q4, 50% -- over 50% of our in-person events were canceled because of the Omicron surges[,]" while opining that Yext could "[a]bsolutely" improve its "sales motion so that it's more efficient during disruptions like that[.]"

Following that call, a Truist Securities analyst lowered the firm's rating on Yext to hold from buy and slashed its price target to $6 from $17, noting, among other things, that key performing indicators showed an "unexpected slowdown" in Q4, guidance for fiscal 2023 shows no near-term turn around, and that "planned changes under new management (in go-to-market strategy, sales organization) carry execution risks and the timing for a meaningful and sustainable revival in growth is unclear[.]"

Following these disclosures, Yext's stock price fell $0.55 per share, or 9.29%, to close at $5.37 per share on March 9, 2022.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Menzione and other Class members have suffered significant losses and damages.

ARGUMENT

I.  MENZIONE SHOULD BE APPOINTED LEAD PLAINTIFF

Menzione should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

4

such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Menzione satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.   Menzione Is Willing to Serve as Class Representative

On June 17, 2022, Pomerantz, counsel for the plaintiff in the Action, Menzione, caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Yext securities that they had until August 16, 2022—*i.e.*, 60 days from the date of the PSLRA Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Menzione has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Menzione satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.   Menzione Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

5

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Menzione has the largest financial interest of any Yext investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Menzione: (1) purchased 143 shares of Yext securities; (2) expended $1,929 on his purchases of Yext securities; (3) retained all of his shares of Yext securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $1,083 in connection with his Class Period purchases of Yext securities.  *See* Lieberman Decl., Ex. A.  To the extent that Menzione possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

C.     Menzione Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Menzione.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL

7

2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Menzione's claims are typical of those of the Class.  Menzione alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Yext.  Menzione, as did all Class members, purchased Yext securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Yext's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Menzione has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Menzione's interests and the interests of the Class.  Moreover, Menzione has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Menzione demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Menzione has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

### D. Menzione Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Menzione as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Menzione's ability and desire to fairly and adequately represent the Class has been discussed above.  Menzione is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Menzione should be appointed Lead Plaintiff for the Class.

II.	LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Menzione has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Menzione's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Menzione's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Menzione respectfully requests that the Court issue an Order: (1) appointing Menzione as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  August 16, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Marc Menzione and Proposed Lead Counsel for the Class*