UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— x

MARC MENZIONE, Individually and on
Behalf of All Others Similarly Situated,

                       Plaintiff,

    vs.

YEXT, INC., HOWARD LERMAN, and
STEVEN CAKEBREAD,

                   Defendants.

———————————————— x

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 1:22-cv-05127-JPO

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF LEAD COUNSEL

## I.      INTRODUCTION

Presently pending in this Court is a class action lawsuit brought on behalf of investors who purchased or otherwise acquired Yext, Inc. ("Yext" or the "Company") securities during the period between March 4, 2021 and March 8, 2022 (the "Class Period") seeking to pursue remedies under §§10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "1934 Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against the Company and two of its senior executives.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), directs courts to "appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Operating Engineers Construction Industry and Miscellaneous Pension Fund (the "Pension Fund") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  Accordingly, the Pension Fund should be appointed lead plaintiff and its selection of counsel should be approved.

## II.     SUMMARY OF THE ACTION

Yext is an AI search company that organizes a business's facts to allow its customers to provide direct answers to consumer questions.  The Company operates a cloud-based platform that allows its customers to control facts about their businesses and the content of their landing pages,

manage their consumer reviews, and analyze consumer engagement and revenue.  Its shares trade on the New York Stock Exchange under the ticker symbol YEXT.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Yext's revenue and earnings were significantly deteriorating because of, among other things, poor sales execution and performance, as well as COVID-19 related disruptions; (ii) accordingly, Yext was unlikely to meet consensus estimates for its full year fiscal 2022 financial results and fiscal 2023 outlook; and (iii) as a result, Yext's public statements were materially false and misleading at all relevant times.

On March 8, 2022, Yext issued a press release announcing its fourth quarter and full year fiscal 2022 results.  Specifically, Yext reported revenue for the fourth quarter of fiscal 2022 of $100.9 million, falling short of consensus estimates by $140,000; first quarter of fiscal 2023 revenue outlook of $96.3 million to $97.3 million, versus consensus estimates of $103.79 million; first quarter of fiscal 2023 non-Generally Accepted Accounting Principles ("GAAP") net loss per share outlook of $0.08 to $0.07, versus consensus estimates of $0.05; full year fiscal 2023 revenue outlook of $403.3 million to $407.3 million, versus consensus estimates of $444.71 million; and full year fiscal 2023 non-GAAP net loss per share outlook of $0.19 to $0.17, versus consensus estimates of $0.09.  Yext also disclosed the departure of its CEO and CFO.

During a conference call held the same day, Yext's incoming CEO Michael Walrath addressed the Company's lackluster financial results, stating, among other things, that "we have seen fragmentation in our interactions with customers and our ability to deliver premium service and support" and that, "[i]n hindsight, it is clear we were too focused on building sales capacity and not focused enough on other functions that drive productivity, particularly sales enablement, training, client success and services."  ECF 1 at ¶6.  Walrath also disclosed that the Company "saw a really

4895-0549-9950.v1

significant disruption in [the] business" including in "Q4, 50% --over 50% of [their] in-person events were canceled because of the Omicron surges," and acknowledged that Yext could better its "sales motion so that it's more efficient during disruptions like that." *Id.*

On this news, Yext's stock price fell by more than 9% to close at $5.37 per share on March 9, 2022, damaging investors.

## III.   ARGUMENT

### A.   The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.   The Pension Fund's Motion Is Timely

On June 17, 2022, notice of the complaint was published on *PRNewswire* and advised class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by August 16, 2022. *See* Declaration of David. A Rosenfeld in Support of Motion for Appointment of Lead Plaintiff and

- 3 -

Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because the Pension Fund's motion was timely filed, it is eligible for lead plaintiff appointment.

### 2.    The Pension Fund Possesses the Largest Financial Interest

During the Class Period, the Pension Fund purchased 38,900 shares of Yext common stock and suffered approximately $245,805 in losses due to defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C.  To the best of its counsel's knowledge, the Pension Fund represents the largest financial interest of any investor seeking to be appointed lead plaintiff.  Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.    The Pension Fund Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  However, at this stage of the litigation, courts only focus on the typicality and adequacy requirements.  *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted).  Here, the Pension Fund satisfies this requirement because, like all other class members, it: (1) purchased Yext common stock during the Class Period; (2) was adversely affected by defendants' allegedly false and misleading statements; and (3) was damaged thereby.

Further, "[a] lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'"  *Id.* (citation omitted).  Here, the

Pension Fund is an adequate representative of the class because its interests are aligned and there is no evidence of antagonism between the Pension Fund's interests and the class's interests. The Pension Fund has also retained competent and experienced counsel to prosecute these claims. And, the Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy.

Indeed, the Pension Fund is a sophisticated institutional investor with nearly $760 million in assets under management overseen for the benefit of more than 10,000 participants. The Pension Fund is also familiar with the requirements and responsibilities of overseeing complex class action litigation and has successfully discharged those duties as a lead plaintiff in securities class actions before. *See Kornecki v. Airbus SE*, No. 2:20-cv-10084-KM-JBC, ECF 20 (D.N.J. Feb. 19, 2021) (serving as sole lead plaintiff); *Epstein v. World Acceptance Corp.*, No. 6:14-cv-01606-MGL, ECF 47 (D.S.C. July 22, 2014) (served as sole lead plaintiff); *Oliphant v. Serrao*, No. 1:08-cv-10119-RGS, ECF 13 (D. Mass. May 29, 2008) (same). The Pension Fund is thus precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See, e.g.*, *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for purposes of this motion.

### B.    The Pension Fund's Selection of Counsel Should Be Approved

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Lopez*,

2015 WL 2431484, at *3.   Here, the Pension Fund has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in this district, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and  many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of cases with complex securities issues.[1]  District courts throughout the nation, including this Court, have noted Robbin Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Ryanair Holdings PLC*, No. 1:18-cv-10330-JPO, ECF 15 (S.D.N.Y. Jan. 24, 2019) (appointing Robbins Geller as sole lead counsel) (Oetken, J.); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, representations made to me were reliable, the arguments were cogent, and the representation of the heir client was zealous."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 797 (S.D. Tex. 2008) (commenting that "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one in the country.").

Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request if preferred.

PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber representation.

## IV.    CONCLUSION

The Pension Fund meets each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Fund respectfully requests that the Court appoint it as lead plaintiff and approve its selection of lead counsel.

DATED:  August 16, 2022              Respectfully submitted,

                                     ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                     SAMUEL H. RUDMAN
                                     DAVID A. ROSENFELD


                                     _____
                                            *s/ David A. Rosenfeld*
                                         DAVID A. ROSENFELD

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
fmejia@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4895-0549-9950.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Email: drosenfeld@rgrdlaw.com

4895-0549-9950.v1

# Mailing Information for a Case 1:22-cv-05127-JPO Menzione v. Yext, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Caz Hashemi**
  chashemi@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,ageritano@wsgr.com,lnicolini@wsgr.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **James Michael LoPiano**
  jlopiano@pomlaw.com,ashmatkova@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)